(R.D. 11217)

IRVING RAINCOAT CO., INC. v. UNITED STATES

Entry No. 24470.

(Decided September 7, 1966)

*Norman Katz*, for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

Nichols, Judge: This appeal for reappraisement is before me on the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the respective parties hereto, subject to the approval of the Court, as follows:

1. The merchandise which is the subject of the above captioned reappraisement appeal consists of footwear imported under cover of entry No. 24470 of October 12th, 1962 through the Port of San Francisco. The merchandise in question was returned by the Appraiser as being in chief value of India Rubber and was accordingly appraised on the basis of American Selling Price as defined in Section 402(g) of the Tariff Act of 1930 as amended, under the authority of the Presidential Proclamation set forth in 63 Treas. Dec. 232, T.D. 46158, at a value of $6.05 per pair, less 2% packed.

2. The merchandise in question is footwear in chief value of synthetic rubber and does not fall within the purview of the Presidential Proclamation set forth in 63 Treas. Dec. 232, T.D. 46158, and is, therefore, not subject to appraisement on the basis of American Selling Price.

3. That said footwear is identified in the Final List, published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27th, 1958; and that said merchandise was entered for consumption subsequent to February 27, 1958.

4. That on or about the date of exportation of the said merchandise, the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other expenses incident to placing the merchandise in condition, packed ready for shipment to the United States was the entered value plus inland freight and insurance, hauling, lighterage, storage and usual petties, but not including buying commission; and that there was no higher foreign value for such or similar merchandise.

5. The instant appeal for reappraisement may be submitted for decision upon this stipulation.

On the agreed facts, I find and hold that export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchandise involved herein and that said value is the entered value, plus inland freight and insurance, hauling, lighterage, storage, and usual petties, but not including buying commission.

Judgment will be rendered accordingly.